

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | | |
|---|---|---|
| *Rachael A. Honig*<br>*Acting United States Attorney* | *970 Broad Street, Suite 700*<br>*Newark , New Jersey 07102* | *(973) 645-2700* |

June 4, 2021

**<u>VIA EMAIL</u>**
Nina Marino, Esq.
Jennifer Lieser, Esq.
Kaplan Marino
9454 Wilshire Blvd.
Beverly Hills, CA 90212
marino@kaplanmarino.com
lieser@kaplanmarino.com

      Re:  <u>Plea Agreement with Allen Giltman</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client, Allen Giltman ("Giltman"), and the United States Attorney for the District of New Jersey ("this Office"). This Office's offer to enter into this plea agreement will expire on June 11, 2021, if it is not accepted in writing by that date.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Giltman to an Information that charges him with: (1) one count of conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349; and (2) one count of conspiracy to commit securities fraud, contrary to 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5, in violation of 18 U.S.C. § 371.

      If Giltman enters a guilty plea to, and is sentenced on the above charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Giltman for conduct described in, related to, or arising from the allegations in the criminal complaint that this Office filed against Giltman, Mag. No. 20-13462 (D.N.J.). Further, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Giltman agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the

date this agreement is signed by Giltman may be commenced against him, notwithstanding the expiration of the limitations period after Giltman signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1349 alleged in Count One of the Information to which Giltman agrees to plead guilty carries a statutory maximum prison sentence of twenty years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 371 alleged in Count Two of the Information to which Giltman agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentences for Counts One and Two may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Giltman is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Giltman ultimately will receive.

Further, in addition to imposing any other penalty on Giltman, the sentencing judge: (1) will order Giltman to pay an assessment of $200 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Giltman to pay restitution pursuant to 18 U.S.C. § 3663A et seq.; (3) may order Giltman, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583 may require Giltman to serve a term of supervised release for each count of conviction of not more than three years per count, which terms will begin at the expiration of any term of imprisonment imposed. Should Giltman be placed on a term of supervised release and subsequently violate any of the conditions of supervised release

- 2 -

before the expiration of its terms, Giltman may be sentenced to not more than two years' imprisonment per term of supervised release per count, which term is in addition to any prison term previously imposed regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(b)(1)(B), this Office and Giltman agree that Giltman shall pay restitution to all victims of Counts One and Two of the Information in such amounts as the parties will agree or, if no agreement can be reached, the Court shall determine following an evidentiary hearing.  Giltman understands and agrees that the losses and restitution computed may exceed the loss amount agreed upon by the Government for purposes of the advisory Sentencing Guidelines computation, and the Government is permitted to provide the Court with information about the loss and restitution that will exceed the figures reflected in the negotiated, agreed-upon range reflected in Schedule A used to determine Giltman's advisory guidelines range of imprisonment.

If the Court imposes a schedule of payments regarding restitution, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods available to the United States to enforce the judgment.

Forfeiture

Giltman agrees that, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982, Giltman will forfeit to the United States, any and all property involved in or traceable to the violation of 18 U.S.C. § 1349 charged in the Information.  Giltman further agrees to forfeit all of his right, title, and interest in the property and personal items listed in Schedule B to this agreement (the "Specific Property").  Giltman admits that the items listed in Part I of Schedule B to this agreement have the requisite nexus to the wire fraud offense charged in the Information and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 982.  Additionally, Giltman agrees not to challenge the forfeiture of the items listed in Part II of Schedule B to this agreement.

Giltman further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a).  Giltman agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so.  To the extent Giltman has filed a claim or petition in

any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Giltman further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

Giltman waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Giltman consents to the entry of a Consent Judgment of Forfeiture that will be final as to Giltman prior to the defendant's sentencing. Giltman understands that criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Giltman's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Giltman hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, provided that at the conclusion of the case the Office believes that this case meets the criteria for restoration or remission under the applicable Department of Justice regulations and policies. It is further understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Giltman further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Giltman fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Giltman has intentionally failed to disclose assets on his Financial Disclosure Statement, Giltman agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

- 4 -

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Giltman by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Giltman's activities and relevant conduct with respect to this case.

Stipulations

This Office and Giltman agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Giltman from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Giltman waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

- 5 -

Immigration Consequences

Giltman understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Giltman understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Giltman wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Giltman understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Giltman waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Giltman. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, the U.S. Securities and Exchange Commission, and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Giltman.

No provision of this agreement shall preclude Giltman from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Giltman received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Giltman and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By:    Anthony P. Torntore
       Assistant U.S. Attorney

APPROVED:

Sean Farrell
Chief, Cybercrime Unit

- 7 -

I have received this letter from my attorneys, Nina Marino, Esq. and Jennifer Lieser, Esq. and I have read it.  My attorneys and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, forfeiture, and waiver.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____          Date:
Allen Giltman



I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, forfeiture, and waiver.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.


*Jennifer Lieser*
_____          Date:    6.10.2021
Nina Marino, Esq.
Jennifer Lieser, Esq.

- 8 -

I have received this letter from my attorneys, Nina Marino, Esq. and Jennifer Lieser, Esq. and I have read it. My attorneys and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, forfeiture, and waiver. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Date: 6-10-21

Allen Giltman

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, forfeiture, and waiver. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Jennifer Lieser

Date:    6.10.2021

Nina Marino, Esq.
Jennifer Lieser, Esq.

- 8 -

Plea Agreement with Allen Giltman

Schedule A

1.  This Office and Giltman recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Giltman nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Giltman within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and Giltman further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.  The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

Count One of the Information (**Wire Fraud Conspiracy**)

3.  The applicable guideline is U.S.S.G. § 2X1.1 because the offense is wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349.  *See* U.S.S.G. Appendix A.

4.  The applicable guideline for the base level offense is U.S.S.G. § 2B1.1 because the substantive offense is wire fraud in violation of Title 18, United States Code, Section 1343. *See* U.S.S.G. § 2X1.1(a).

5.  Under U.S.S.G. § 2B1.1(a)(1), the base offense level is 7 because conviction of the offense charged in Count One of the Information carries a statutory maximum term of imprisonment of twenty years or more.

6.  Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(L) applies because the relevant loss amount is more than $25,000,000 but not more than $65,000,000.  This results in an increase of 22 levels.

7.  Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(B) applies because the offense resulted in substantial financial hardship to five or more victims.  This results in an increase of 4 levels.

8.  Specific Offense Characteristics U.S.S.G. § 2B1.1(b)(10)(B) and (C) apply because a substantial part of the fraudulent scheme was committed from outside the United States and involved sophisticated means.  This results in an increase of 2 levels.

9.  The total adjusted level for Count One of the Information is 35.

Count Two of the Information (**Securities Fraud**)

10.  The applicable guideline is U.S.S.G. § 2X1.1 because the offense is conspiracy in violation of Title 18, United States Code, Section 371.  *See* Appendix A of U.S.S.G.

11.  The applicable guideline for the base level offense is U.S.S.G. § 2B1.1 because the substantive offense is securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 77ff.

12. Under U.S.S.G. § 2B1.1(a)(2), the base offense level is 6 because conviction of the offense charged in Count Two of the Information carries a statutory maximum term of imprisonment of below twenty years.

13.  Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(L) applies because the relevant loss amount is more than $25,000,000 but not more than $65,000,000.  This results in an increase of 22 levels.

14.  Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(B) applies because the offense resulted in substantial financial hardship to five or more victims.  This results in an increase of 4 levels.

15.  Specific Offense Characteristics U.S.S.G. § 2B1.1(b)(10)(B) and (C) apply because a substantial part of the fraudulent scheme was committed from outside the United States and involved sophisticated means.  This results in an increase of 2 levels.

16. The total adjusted level for Count Two of the Information is 34.

Grouping Analysis

17.  Pursuant to U.S.S.G. § 3D1.2(a), the two counts of conviction group together into a single group because Counts One and Two involve substantially the same harm.

18.  The resulting Guidelines offense level is 35.  *See* U.S.S.G. § 3D1.3(a).

Acceptance of Responsibility

19.  As of the date of this letter, it is expected that Giltman will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.  If all of these events occur, and Giltman's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.  *See* U.S.S.G. § 3E1.1(a).

20.  As of the date of this letter, it is expected that Giltman will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in Giltman's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:  (a) Giltman enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Giltman's acceptance of responsibility has continued through the date of sentencing and Giltman therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Giltman's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

Agreed Total Guidelines Offense Level

21.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Giltman is 32 (the "agreed total Guidelines offense level").

22.  The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

Appeal Waiver

23.  Giltman knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions

of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

24.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

Plea Agreement with ALLEN GILTMAN

Schedule B

1.    Giltman agrees to forfeit all of his right, title, and interest in the following property and personal items seized from 39 Umbria, Irvine, CA 92618 on October 27, 2020:

Part I

    a.    $100,704.00 in United States Currency;

    b.    1000 Euros, converted to $1,140.20 in United States Currency;

    c.    Black iPhone, serial number FK1ZK8NYN70H;

    d.    MacBook Air laptop, serial number COZH4GVDDJWT;

    e.    LG cell phone, serial number 904VTZC113981;

    f.    Samsung Galaxy cell phone, serial number R9PNs0L3DEJ;

    g.    Silver HP laptop, serial number CND83425X4;

    h.    White iPhone 6;

    i.    Two (2) Verizon Hot Spots;

    j.    Hublot watch, black;

    k.    Pair of four leaf clover earrings with white diamond like stones;

    l.    Snake necklace;

    m.    Three (3) gold colored rings and two (2) silver colored rings;

    n.    One cat ring;

    o.    Silver double cuff earring;

    p.    Gold colored cat ring;

    q.    Gold colored snake earring;

    r.    Ring with pink stone;

s.    Ring with pearl like stones;

t.    Gold colored double ring;

u.    Two rings with 4 square corners each;

v.    Two fingers ring (wide edge);

w.    Round gold ring;

x.    Silver colored flower ring;

y.    Gold colored ring with round ring attachment;

z.    White colored closer dangle earrings;

aa.    Egg shaped pendant;

bb.    Silver colored plain necklace;

cc.    Silver colored necklace with four beads – two gold, two silver;

dd.    Gold colored necklace with round pendant;

ee.    Gold colored chain with fleur de lis pendant;

ff.    Silver colored necklace with white four-leaf pendant with diamond like stones;

gg.    Gold colored necklace with spiral pendant with stones;

hh.    Green colored clover lead bracelet;

ii.    Bee lapel pin;

jj.    Butterfly lapel pin;

kk.    Flower lapel pin;

ll.    Necklace with the name "Julia;"

mm.    Fifteen (15) gold colored bracelets

Part II

a.    Silver colored watch;

b.      Cartier watch, gold;

c.      Hublot watch, ID no. 871074;

d.      Richard Mille watch;

e.      Audemars Piguet watch;

f.      Rolex watch;

g.      Patek Philippe watch;

h.      Pair of white four leaf clover earrings;

i.      Four leaf clover bracelet;

j.      Diamond-like ring;

k.      Gold colored ring with small diamond-like stones on top (crown);

l.      Silver ring with groove in middle;

m.      Necklace with clovers;

n.      Gold necklace with clover with gold circle in middle;